Filed 6/13/16  P. v. Chavez-Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>JHONY DIONICIO CHAVEZ-GARCIA,<br><br>   Defendant and Appellant. | 2d Crim. No. B267631<br>(Super. Ct. No. BA439257-01)<br>(Los Angeles County) |

Jhony Dionicio Chavez-Garcia appeals from the judgment entered after he had pleaded guilty to possession of methamphetamine for the purpose of sale.  (Health & Saf. Code, § 11378.)  Appellant expressly waived his right to a preliminary hearing and to a jury trial.  He did not file a motion to suppress evidence.  The trial court suspended the imposition of sentence and placed him on formal probation for three years on condition that he pays specified fines and fees and that he perform 200 hours of community service for the California Department of Transportation (Caltrans).  Appellant subsequently violated probation and it was revoked.  Probation was reinstated on the same terms and conditions except that appellant was required to serve 180 days in county jail.

We appointed counsel to represent appellant in this appeal.  After counsel's review of the record, she filed an opening brief raising no issues.  Counsel and this court

advised appellant that he could personally file a supplemental brief. Counsel mailed him copies of the opening brief and record on appeal.

On May 31, 2016, appellant filed a lengthy supplemental brief entitled, "DECLARATION OF JHONY DIONICIO CHAVEZ GARCIA IN SUPPORT APPEAL PETITION AND REQUEST FOR ADMISSIONS." We "describe[] the contentions personally raised by [appellant] and the reasons those contentions fail." (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

Appellant contends: (1) "the record does not support the non-trial judge's conclusion that he knowingly, intelligently, and voluntarily waived his right to trial with jurors," (2) "the evidence at the time of the arrest was not properly obtained," and (3) "the prosecutor did not honor the plea bargain of entering a plea of guilty in exchange for 200 hours of Caltrans community service and two years of probation." Appellant asserts that the prosecutor "assured [him that] in exchange for [his] plea [he] would not serve jail time or be subject to pay monetary restitution" and that he would be on probation for two years. Instead, he was placed on probation for three years on condition that he serve "a few months in jail, [pay] a fine close to $3,200, [and perform] 200 hours of community service at Caltrans."

The first two contentions are forfeited because they are conclusory. They are not supported by record references, citations to authority, or meaningful analysis. (See *People v. Roberto V.* (2001) 93 Cal.App.4th 1350, 1364, fn. 6.) Appellant also forfeited the second contention that "the evidence at the time of the arrest was not properly obtained" because he did not move to suppress the evidence. (Pen. Code, § 1538.5, subd. (m).)

As to the third contention, the record shows that no jail time was imposed as a condition of the original probation. Appellant was not misled to believe that, if he violated probation, no jail time would be imposed. The trial judge informed him, "[I]f you violate the terms and conditions of your probation, . . . I could sentence you up to three years in custody."

2

The trial court did not impose "a fine close to $3,200." The fines and fees were as follows: a $40 "court operations assessment," a $30 "criminal conviction assessment," a $50 laboratory analysis fee, a $300 restitution fine, and a "probation revocation restitution fine" of $300 to "become effective upon the revocation of probation." Thus, if probation were not revoked, the total fines and fees would be $420. If probation were revoked, the total would be $720. Nothing in the record supports appellant's allegation that the prosecutor assured him that he would not "be subject to pay monetary restitution."

Before the trial court took appellant's plea, it made clear that he would be on probation for three years, not two years. The court said, "Mr. Garcia, you will be on probation for three years." The court then asked appellant whether "anyone [had] promised you anything else . . . to get you to plead?" Appellant answered, "No." If the prosecutor had promised him a probationary period of only two years, appellant should have answered, "Yes."

Having examined the entire record, counsel's opening brief, and appellant's supplemental brief, we conclude that counsel has fully complied with her duties and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

3

David M. Horwitz, Judge

Superior Court County of Los Angeles

_____

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.